UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

JERMAINE ADAMS #302480,

        Plaintiff,                 Case No. 2:08-cv-41

v.                                           Honorable R. Allan Edgar

STEPHEN DEBOER, et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff Jermaine Adams, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Parole Board Member Stephen DeBoer and Sharee Booker.  Plaintiff alleges in his complaint that he was improperly denied parole.  Plaintiff seeks damages and injunctive relief.

II.  Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff in this case is complaining about an allegedly improper parole decision.  A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).  The Supreme Court has held that a state prisoner cannot make

a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997 ). However, in *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1248 (2005), the Supreme Court clarified the *Heck* rule, finding "that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original).

Moreover, Plaintiff has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7; *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1158 (1995), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in

parole. Subsequent to its 1995 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and had continued to find that Michigan's Parole scheme creates no liberty interest in being released on parole. *See Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000), *cert. denied*, 121 S. Ct. 1616 (2001); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Michigan Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000), *cert. denied*, 531 U.S. 1197 (2001); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999). Also, in unpublished decisions, the Sixth Circuit also has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995), *cert. denied*, 522 U.S. 1057 (1998); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. April 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Michigan Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Accordingly, plaintiff has no liberty interest at stake. Because plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights. *See Sweeton*, 27 F.3d at 1164-65.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

      /s/ Timothy P. Greeley  
      TIMOTHY P. GREELEY  
      UNITED STATES MAGISTRATE JUDGE

Dated: April 15, 2008

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).