UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERMAINE ADAMS #302480,

      Plaintiff,

v.
                                   Case No. 2:08-cv-41
                                   HON. R. ALLAN EDGAR

STEPHEN DEBOER and
SHAREE BOOKER,

      Defendants.
_____/

**MEMORANDUM  AND  ORDER**

Plaintiff Jermaine Adams ("Adams"), a state prisoner in the custody of the Michigan

Department of Corrections (MDOC), is imprisoned at the Baraga Maximum Correctional Facility.

Adams brings this *pro se* federal civil rights action under 42 U.S.C. § 1983 against defendants

Stephen DeBoer and Sharee Booker in their individual and official capacities as members of the

State of Michigan Parole Board.[1]  The gist of the complaint is that Adams contends he has been

improperly denied parole.  The complaint demands punitive and compensatory damages in the

amount of $1,500 per day for the time that he has been wrongfully incarcerated.  The complaint

further demands injunctive relief in that Adams seeks to be granted parole as soon as possible.

Pursuant to W.D. Mich. LCivR 72.1 and 72.2, the plaintiff's complaint was referred to

Magistrate Judge Timothy P. Greeley for initial screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.

---

[1]  The members of the Michigan Parole Board are full-time, non-civil service employees
of the State of Michigan who are appointed by the Director of MDOC.

28 U.S.C. § 1915A(b) provides that a prisoner's civil complaint shall be dismissed during the initial screening process if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2) similarly provides that the Court shall dismiss a prisoner's civil complaint if the Court determines that the action is frivolous, fails to state a claim a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On April 15, 2008, the Magistrate Judge submitted his report and recommendation. [Doc. No. 3].  The Magistrate Judge recommends that the plaintiff's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c) for failure to state a claim upon which relief can be granted.  It is also recommended that the dismissal count as a strike for purposes of enforcing the "three-strikes rule" under 28 U.S.C. § 1915(g).

Plaintiff Adams has not timely filed an objection to the report and recommendation.  After reviewing the record, the Court **ACCEPTS and ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3(b).

The Court takes this opportunity to supplement and expand on the report and recommendation.  There are additional reasons why the plaintiff's claims for compensatory and punitive damages brought against the defendants in their official capacities as officials and employees of the State of Michigan must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted, and also pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and 28 U.S.C. § 1915A(b)(2) for seeking money damages from a defendant who is immune from such relief.

The Michigan Parole Board is an agency of the State of Michigan.  A lawsuit against persons

under 42 U.S.C. § 1983 in their official capacities as members and employees of the Michigan Parole

is the same as bringing suit directly against the Michigan Parole Board and the State of Michigan.

*Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Michigan Department of State Police*, 491 U.S. 58,

71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Gean v. Hattaway*, 330 F.3d 758, 766

(6th Cir. 2003); *Mumford v. Basinski*, 105 F.3d 264, 270 n. 8 (6th Cir. 1997); *Pusey v. City of

Youngstown*, 11 F.3d 652, 657-58 (6th Cir. 1993); *Hardin v. Straub*, 954 F.3d 1193, 1198-99 (6th

Cir. 1992); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989); *Annabel v. Shertz,

2007 WL 1455913, *1 (W. D. Mich. May 16, 2007); *Green v. Metrish*, 2006 WL 2506191, * 2

(W.D. Mich. Aug. 29, 2006).  When the plaintiff brings suit against the defendants in their official

capacities, he is in effect bringing suit against the State of Michigan.

Adams cannot maintain a 42 U.S.C. § 1983 civil rights action against the Michigan Parole

Board and the State of Michigan for money damages by suing members of the Michigan Parole

Board  in their official capacities.  The State of Michigan and its employees acting in their official

capacities are not "persons" subject to suit under 42 U.S.C. § 1983.  *Will*, 491 U.S. at 71; *Gean*, 330

F.3d at 766; *Moore v. McGinnis*, 182 F.3d 918 (Table, text in 1999 WL 486639, * 1 (6th Cir. June

28, 1999)); *Pusey*, 11 F.3d at 657-58; *Annabel*, 2007 WL 1455913, at *1; *Green*, 2006 WL 2506191,

at * 3.

Furthermore, the Eleventh Amendment to the United States Constitution provides sovereign

immunity for the States.  The Eleventh Amendment bars suits for money damages against the State

of Michigan and the members of the Michigan Parole Board acting in their official capacities unless

either: (1) the United States Congress expressly abrogates Eleventh Amendment immunity by federal

statute; or (2) the State of Michigan gives its unequivocal, express consent to being sued under 42

3

U.S.C. § 1983 and waives its Eleventh Amendment sovereign immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004); *Johnson v. Unknown Irvine*, 79 Fed. Appx. 154, 155 (6th Cir. Oct. 24, 2003); *Nelson v. Miller*, 170 F.3d 641, 646 (6th Cir. 1999); *McGinnis*, 1999 WL 486639, at * 1; *Doe v. Wigginton* 21 F.3d 733, 736-37 (6th Cir. 1994); *Annabel,* 2007 WL1455913, at *2; *Green*, 2006 WL 2506191, at * 3; *Secord v. Michigan Department of Corrections*, 2006 WL 2035301, * 2 (W.D. Mich. July 18, 2006); *Henderson v. Michigan Department of Corrections*, 2006 WL 958743, * 1 (W.D. Mich. April 10, 2006); *Webb v. Caruso*, 2006 WL 416261, * 3 (W.D. Mich. Feb. 22, 2006).

The United States Congress has not abrogated Eleventh Amendment sovereign immunity for the States in civil actions brought under 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 341, 345 (1979); *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993); *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940-41 (6th Cir. 1990); *Annabel,* 2007 WL 1455913, at *2; *Green*, 2006 WL 2506191, at * 3; *Secord*, 2006 WL 2035301, at * 2; *Henderson*, 2006 WL 958743, at * 1; *Webb*, 2006 WL 416261, at * 3.

The State of Michigan has not waived its Eleventh Amendment immunity from suit in actions brought under 42 U.S.C. § 1983. The State of Michigan has not consented to being sued in the federal courts for money damages by state prisoners under 42 U.S.C. § 1983. *Johnson*, 357 F.3d at 545; *Hill v. Michigan*, 62 Fed. Appx. 114, 115 (6th Cir. 2003); *McGinnis*, 1999 WL 486639, at * 1; *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986); *Annabel,* 2007 WL 1455913, at *2; *Green*, 2006 WL 2506191, at * 3; *Secord*, 2006 WL 2035301, at * 2; *Burnett*, 2006 WL 1547248, at * 2; *Henderson*, 2006 WL 958743, at * 1; *Webb*, 2006 WL 416261, at * 3.

In sum, to the extent that plaintiff Adams pleads claims for compensatory and punitive

damages against the defendants in their official capacities under 42 U.S.C. § 1983, these claims must be dismissed with prejudice: (1) for failure to state claims upon which relief can be granted; and (2) for seeking money damages from a defendant – the State of Michigan – which has Eleventh Amendment sovereign immunity from being sued for money damages under 42 U.S.C. § 1983.

Accordingly, the plaintiff's entire complaint and all claims against the defendants brought under 42 U.S.C. § 1983 shall be **DISMISSED WITH PREJUDICE**.  The dismissal of this frivolous action shall count as a strike for purposes of applying 28 U.S.C. § 1915(g).  For the same reasons that the Court dismisses this action, the Court finds there is no good faith basis for an appeal from this decision.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

A separate judgment will be entered.

SO ORDERED.

Dated: May 8, 2008.

            */s/ R. Allan Edgar*
        R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE